## DANIEL BROWN *versus* A. L. WEBSTER.

In replevin for a horse by D. B. against W., the defendant pleaded in bar that the horse was the property of one T. and not of the plaintiff, and issue was joined on the plaintiff's property—it was held, that evidence offered by the defendant upon this issue that the horse was the property of one D. B., jun. was improperly rejected, because, although the defendant made no claim to the horse under D. B., junior, still, the evidence might have a tendency to disprove the plaintiff's property in the horse.

THIS was an action of replevin for a horse. The defendant pleaded in bar that the horse, at the time of the taking, was the property of one H. Tyrrell, and not of the plaintiff, and issue was joined upon the plaintiff's property in the horse.

On the trial of the above issue here at November term, 1827, it appeared that the horse, when taken by the defendant, was in the custody and possession of the plaintiff, and that the defendant, being a deputy sheriff, and having a writ against Tyrrell in favor of A. L., took the horse as the property of Tyrrell from the possession of the plaintiff by virtue of the writ. The defendant then introduced evidence tending to show that the horse was the property of Tyrrell.

The defendant also offered to prove, that the property in said horse was in one Daniel Brown, junior, but without connecting himself in any way with the right of the said Daniel, junior. The court being of opinion that this evidence was inadmissible, rejected it.

The jury having returned a verdict in favor of the plaintiff, the defendant moved the court to grant a new trial, on the ground that the said evidence was improperly rejected.

*Bradley*, for the plaintiff.

*N. G. Upham*, for the defendant.

*By the court.* The issue joined between these parties was upon the property of the plaintiff in the horse replevied. There is no doubt, that possession is *prima*

*facie* evidence of property, sufficient to enable a party who has it to maintain replevin. 1 Chitty's Pl. 158. But it is only *prima facie* evidence and may be rebutted by showing a title in a third person. When the plaintiff showed that he had the possession of the horse, when taken by the defendant, that was *prima facie* enough to enable him to maintain the action. But if the defendant had shown that the horse was the property of Brown, junior, this would have been *prima facie* an answer to the plaintiff's evidence resulting from his possession. 1 Johns. 379, *Harrison* v. *M'Intosh* ; 1 Salk. 94, *Butcher* v. *Porter* ; 1 Pick. 357, *Quincy* v. *Hall* ; 2 Levintz, 92, *Weldman* v. *North.*

This would not, however, have been conclusive against the plaintiff, for, notwithstanding the property was in a stranger, the plaintiff might have shown a right of possession sufficient to enable him to maintain the action.

But if the evidence which was rejected had been admitted, and had proved the property of the horse to have been in D. Brown, jun. it would have rendered it necessary for the plaintiff to show the nature of the right on which he claimed to maintain the action, and if he had failed to show a right, the verdict must have been against him.

We are, therefore, of opinion, that the evidence ought to have been admitted, and that the defendant is entitled to a new trial.

*New trial granted.*